WALLACE, JUDGE:
For the purpose of the hearing these claims against the Department of Highways arising out of the same accident were consolidated.
The claimant, David L. Clark, Sr., was employed as a truck driver for the claimant, Martinsburg Concrete Products Company, of Martinsburg, West Virginia. Clark had been a truck driver for the Company approximately three years. For the past two years he had driven the particular type of truck involved in the accident which was a concrete truck weighing 20,000 pounds empty and equipped with 16 gears, air brakes and power steering.
On August 29, 1975, Clark was returning to the plant of his employer at Martinsburg, West Virginia after delivering a load of concrete at Barteen. He was driving in a northerly direction on West Virginia Route 9 approaching Kearneysville, West Virginia in Jefferson County. The road was blacktopped, 20 feet 7 inches wide. The weather was clear, the road dry. The accident occurred at approximately 10:00 a.m.
The claimant, Clark, who was familiar with the road, testified that as he was approaching Kearneysville he down-shifted the truck to fourth-third gear as he entered the first of two curves. At this point the road straightens out then enters a second, sharper *280 curve. He stated that his speed was approximately 40 miles per hour. The maximum speed in fourth-third gear was 40 to 45 miles per hour. He further stated that as he drove out of the second curve he saw for the first time a road crew of respondent’s employees some 150 to 200 feet in the distance; that a tan van vehicle was stopped in his lane of traffic and a man was talking to the driver. Trucks belonging to the respondent were stopped on the left berm of the highway and several employees were standing nearby, one or two in the left lane of the highway. He saw no signs or flagmen to warn him of any danger.
Clark testified, “Well, when I saw the tan van, I knew that if I kept going I would hit him and probably it would have killed him, and so I checked real quick to the left to see if I could go around him, but as I said, the State road trucks were off to the side of the road and the men were standing along the road and one or two men were in the road; and as I hit my brakes, the guys who were in the road kind of froze.. .so the only thing I could do, I headed for the bank on the right hand side of the road.”
The truck hit the bank and overturned. Clark was thrown out of the truck and pinned under it until he was able to free himself.
The claimant Clark’s leg was broken and he suffered severe cuts on his head and leg. He was not able to work for 18 weeks and, after returning, lost two more weeks of work occasioned by additional leg trouble. His doctor and hospital bills were $281.00 and $458.25 respectively. He testified that he was paid $3.75 for a 40 hour week and $5.13 for overtime. He stated he averaged 45 to 47 hours per week prior to the accident.
Donald Boyer, in his evidentiary deposition, testified that he had been employed by the respondent for six months, the last four months as a certified flagman. On the day of the accident he was one of the flagmen for a patching crew that wa,s patching West Virginia Route 9 from the Jefferson County line to the Virginia state border. There was a flagman stationed at each side of the work crew, each with a red flag. He stated he was positioned a good 200 feet from the curve around which the concrete truck came. He first saw the truck as it was coming around the curve. He stated he couldn’t have seen it before because it was a good sized curve. He further testified that he attempted to flag down the truck but when the driver put on the brakes they locked and the accident occurred. His testimony revealed that no signs were out because the crew was moving from spot to spot and they were in the process of *281 putting signs up when the accident happened. The signs had been out previously but, since the crew had moved five miles, they had been put back in the truck where they had remained for the last mile. There were no flares or other warning devices. The signs were put out five minutes after the accident. Boyer testified that his •supervisor sent him up to the curve after the accident to flag and stop the traffic. He admitted that he had stopped a plumbing van prior to the accident but denied talking to the driver.
Donald Vernon Densmore, a 3V2 year employee of the respondent, testified in his evidentiary deposition that he was the driver of the truck with the “men working” signs. He stated he was in the process of putting out the signs when the accident occurred. The signs on the far side of the crew were out. The other signs had not been put out because he stopped to help the work crew with a roller. He further testified that the flagman Boyer was 20 to 30 feet in front of the work crew and that he attempted to stop the truck but his brakes locked and it turned over.
John Mobley, manager of M & M Mobile Home Sales, located at the curve in question, testified he had seen the work crew earlier in the day on his way to the post office; that they had a flagman about ten feet in front and behind the crew. He saw no other warning signs. He stated there was no flagman at the curve until after the accident.
Another witness, Patricia Louise Grimm, who witnessed the accident, testified that she did not recall any signs; that the truck was going no more than 35 miles per hour; and that it was too late for the driver to do anything when he came upon the situation. She also testified that there was no flagman at the curve but there was one close to the work crew.
The testimony of the witnesses establishes that although there were flagmen present and flagging, there was no protection for traffic coming around the curve until it was too late. Claimant, Clark, did what he could to avoid the accident but to no avail. A flagman or a warning sign should have been located at the curve to warn of the presence of the work crew ahead. The Court is of the opinion that the negligence of the respondent was the cause of the accident and that the claimant, Clark, should recover. The claim of the Martinsburg Concrete Products Company which was consolidated and heard with the Clark claim was for damages to the truck involved in this accident. No evidence of damages to the truck was introduced for consideration by this Court and the Court is unable to make a finding and therefore disallows its claim.
*282 Accordingly, the Court makes an award to the claimant, Clark in the amount of $5,572.00.
Award of $5,572.00 to David L. Clark, Sr.
Claim of Martinsburg Concrete Products Company disallowed.